UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KELLY NEWBAUER,                           Case No. 18-CV-0559 (PJS/HB)

        Plaintiff,

v.                                                                ORDER

HILL-ROM CO. INC.,

        Defendant.

---

Heather M. Gilbert and Terra L. Frazier, GILBERT LAW PLLC, for
plaintiff.

Kerry L. Middleton and Brandon M. Haugrud, LITTLER MENDELSON,
P.C., for defendant.

This is a sex-discrimination case brought by plaintiff Kelly Newbauer against her

former employer, Hill-Rom Company Inc. ("Hill-Rom").  Newbauer initially sued

Hill-Rom in state court, asserting claims solely under state law.  ECF No. 1.  Hill-Rom

removed the case to federal court, contending that this Court has diversity jurisdiction

over the case under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441.  This matter is before the

Court on Newbauer's motion to remand and request for an award of attorney's fees.

ECF No. 7.

Removal on the basis of diversity jurisdiction is proper where there is complete

diversity of citizenship among the parties and the amount in controversy exceeds

$75,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(a), 1441.  Newbauer does not

dispute that the parties are diverse.[1]  Instead, she contends that the amount in

controversy is not met because her complaint "is silent as to any specific allegation of an

amount in controversy."  ECF No. 9 at 2.

"Where, as here, the complaint alleges no specific amount of damages or an

amount under the jurisdictional minimum, the removing party . . . must prove by a

preponderance of the evidence that the amount in controversy exceeds $75,000."  *In re*

*Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).  "What

matters is what is *possible*, not what is *likely*; if it is possible for the plaintiff to recover

more than $75,000, the amount-in-controversy requirement is met."  *Hillesheim v. Casey's*

*Retail Co.*, 16-CV-0061 (PJS/FLN), 2016 WL 3676164, at *2 (D. Minn. July 6, 2016); *see also*

*Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (the question "is not whether

the damages *are* greater than the requisite amount, but whether a fact finder *might*

legally conclude that they are" (quotation marks omitted; emphasis in original)).

In deciding whether Hill-Rom has proven by a preponderance of the evidence

that it is possible for Newbauer to recover more than $75,000, the Court may take into

account the allegations made in the complaint.  Indeed, the Eighth Circuit has found

---

[1]Newbauer is a citizen of Minnesota.  Compl., ECF No. 1-1, ¶ 2.  Hill-Rom is an Indiana corporation with its principal place of business in Illinois, and thus is not a citizen of Minnesota.  ECF No. 1 ¶ 3.

that a removing defendant met its burden of proving the jurisdictional amount by

"looking at the face of the complaint alone." *Hartis*, 694 F.3d at 946.

In light of the claims and allegations in the complaint—and evidence that

Newbauer's annual salary at the time of her discharge was $100,500, James Decl., ECF.

No. 13, ¶ 3—the Court readily finds that Hill-Rom has carried its burden of proving by

a preponderance of the evidence that Newbauer could recover more than $75,000 in this

action.  Newbauer alleges that Hill-Rom discriminated against her on the basis of sex

when it (1) paid her significantly less than male employees doing similar jobs, (2) failed

to promote her to a higher-paying job, and (3) eventually fired her.  Newbauer further

alleges that Hill-Rom engaged in unlawful retaliation by firing her for complaining

about its acts of sex discrimination.  Newbauer alleges that after her unlawful

termination, she remained unemployed for nearly 17 months until she was forced to

accept a lower-paying job.  Compl., ECF No. 1-1,  ¶¶ 38-39.

Newbauer requests numerous forms of relief, including all past lost wages and

benefits, all future lost wages and benefits, and compensatory damages for emotional

distress.  Newbauer also asks that these damages be trebled.  Newbauer also asks for

exemplary and punitive damages.  And Newbauer also seeks an award of attorney's

fees and costs.  Given that Newbauer was earning over $100,000 per year at the time of

her discharge—and given that she alleges that she was unemployed for 17 months after

her discharge—Hill-Rom has easily established that the amount in controversy in this matter exceeds $75,000.[2]  *See, e.g.*, *Mathieu v. Gopher News Co.*, 273 F.3d 769, 779 (8th Cir. 2001) (upholding a back pay award of $94,370, a front pay award of $288,466, and $165,000 damages for mental anguish in a disability discrimination case under the MHRA where plaintiff's salary at the time of his termination was less than $50,000).

"'Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.'" *Hartis*, 694 F.3d at 946 (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)). Newbauer has made no attempt to establish that she is *not* seeking more than $75,000.

For these reasons, the Court finds that the case was properly removed to federal court.  Newbauer's motion to remand and request for attorney's fees are therefore denied.

---

[2]Newbauer faults Hill-Rom for failing to introduce evidence "regarding whether Plaintiff has other income, whether she adequately mitigated her damages, or the value of Plaintiff's continuing wage and benefit loss at her new position."  ECF No. 18 at 4. Newbauer demands too much of Hill-Rom.  As the Court has already explained, Hill-Rom need not prove to a *legal certainty* that Newbauer *will* recover more than $75,000 if she prevails; instead, Hill-Rom need only prove by *a preponderance of the evidence* that Newbauer *might* recover more than $75,000 if she prevails.  *See Hartis*, 694 F.3d at 944. Hill-Rom has done so.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.  Plaintiff's motion to remand [ECF No. 7] is DENIED.

2.  Plaintiff's request for attorney's fees is DENIED.

Dated: May 29, 2018                          s/Patrick J. Schiltz_____
                                             Patrick J. Schiltz
                                             United States District Judge